By the Court, Bronson, J.
The statute provides, that where any man having a family shall die leaving .a widow, or a minor child or children, certain specified articles shall not be deemed assets, but shall be included and stated in the inventory without being appraised. (2 R. /S'. 83, § 9.) The 10th section is as follows :The said articles shall remain in the possession of the widow, if there be one, during the time she shall live with, and provide for such minor child or children. When she shall cease so to do, she shall be allowed to retain as her own, her wearing apparel, her ornaments, and one bed, bedstead, and the bedding for the same; and the other articles so exempted shall then belong to such minor child or children. If there be a widow, and no such minor child, then the said articles shall belong to such widow.” Many of the enumerated articles are such as would be indispensable in keeping up the family state; but would be of no importance, beyond their intrinsic value, if the family should be broken up. The widow, where there is one, is selected as the head of the family; and the use of all the exempted property is given to her “ during the time she shall live with, and provide for such minor child or children: when she shall cease so to do,” the property is to be divided. If the *644 words are taken literally, the right of the widow is gone whenever the children choose to leave her, although she may be wholly without fault. But I think the legislature intended she should have the property so long as she was both able and willing to keep up the family circle, and provide for the children. The words “ when she shall cease so to do,” imply a neglect or omission on her part, and make the division of the property depend on the will of the mother, rather than the will of the children. So long as she is ready to provide house and home, food, raiment and education for the children, according to her circumstances, she has not broken the condition on which the property is held; and if, without her fault, the children either find or imagine that their happiness will be best promoted by leaving the parental roof, they must be content to wait for a division of the property until they attain to lawful age. It is a politic as well as benevolent arrangement to provide, as far as practicable, for keeping up the family state during the minority of the children of a deceased father. That state tends in many ways to promote the happiness of the children, and fit them to become useful members of society. The care and the counsels of a mother should not be lightly esteemed, either by her offspring, or by those who enact the laws. Her influence is worth more to the children than gold, and is of more value to the state than prisons and penal statutes. These considerations, together with the usually helpless condition of a poor widow, must have been regarded in framing this law; and although the case is not free from difficulty, I think the construction which has been mentioned is better calculated than any other to carry into effect the ends which the legislature had in view.
It happens in the first case, so far as I know, which has arisen under the law, that the widow is a step-mother. But the legislature has made no difference on that account; and we are expounding the law as it must be held in the common case of a mother and her own children.
Whether the widow be the mother by nature, or only by marriage, it is not enough for her to say to the children, “ Here is a shélter, and there is breadif at the same time she makes them *645 wretched by her misconduct. That is not providing for the children, within the meaning of the statute, and they may well go out from her, and demand their portion of the property. But it is not alleged in this case that there was any want of kindness on the part of the defendant. The cause was tried upon the principle, that whenever the separation takes place, whatever may have been the cause, the widow is no longer entitled to the use of the property. I think she may hold during the minority of the children, unless the separation was brought about by some omission or improper conduct on her part.
By the law of 1842, other property, to the value of not exceeding one hundred and fifty dollars, is added to that which was before exempted, and is to be set apart by the appraisers, in making the inventory, for the use Of the widow and minor children. (Stat. of 1842, p. 193, ch. 157, § 2.) That was done in this case; and the children claim the property which was set apart by the appraisers, as well as that which was taken out of the assets by the original law. These acts, being in pari materia., must be taken and construed together as forming parts of one system. It is not suggested, nor do I perceive, that the law of 1842 has worked any change, except that of adding other property to the articles which were before exempt. The children are entitled to all the property, or to none of it. If they left the defendant without her voluntary consent, and when she was not chargeable with any fault or omission, they cannot recover.
New trial granted.